Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
IRENE WILLIAMS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE WILLIAMS,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITIBANK, N.A. and DOES 1-10, inclusive<br><br><br>        Defendant(s), | Case No.:  **'17 CV 2088 JLS  BGS**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1788.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

## <u>INTRODUCTION</u>

1. IRENE WILLIAMS (hereinafter referred to as "Plaintiff"), by and through her

   Counsel of record, brings this action against CITIBANK, N.A. (hereinafter "CITI"

   or "Defendant"), and DOES 1-10, inclusive, (hereinafter referred to collectively as

   "Defendants") pertaining to actions by Defendants to unlawfully collect a debt

allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2.  The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3.  The Telephone Consumer Protections Act (hereinafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4.  In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct. at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## **JURISDICTION AND VENUE**

7.  This action is based on Defendants' violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

8.  This Court has jurisdiction over each defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

# **PARTIES**

10. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

11. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

12. Defendant CITI is a National Banking Association that regularly conducts business within State of California, County of San Diego, and whose primary business purpose is the collection of debts.

13. Defendant CITI is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

14. Defendant CITI regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

15. CITI collects debts on behalf of itself for defaulted consumer loans and credit cards, and other similar obligations. CITI collects on those consumer debts owed to it through the mail, electronic communication, and the telephone. Therefore, Defendant CITI is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

16. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. This action arises out of a consumer debt and "consumer credit" as

those terms are defined by Cal. Civ. Code §1788.2(f).

## <u>GENERAL ALLEGATIONS</u>

18. Plaintiff incorporates by reference and realleges Paragraphs 1-17 above as if fully stated herein.

19. Plaintiff previously held a credit account with CITI.  Plaintiff made payments toward the credit account, but eventually fell on financial hardship and was unable to maintain the regular monthly payments.

20. Upon going into default, agents for CITI called Plaintiff multiple times and requested payment through the use of an ATDS.  The calls were incessant and were usually scheduled by the computer program to call Plaintiff every morning around 9:00am, then again around 1:00pm, and then again in the evening at around 7:00pm every single day.

21. Plaintiff sought out and retained Bankruptcy Law Center, APC to represent her with regards to the debt that CITI was collecting on.

22. On July 27, 2017, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendants ("Cease and Desist Letter").

23. In the Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, the last four digits of her social security number, and a partial CITI account number. In the Cease and Desist Letter, Plaintiff's Counsel further explained that demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.   The letter revoked consent to contact Plaintiff by any fashion, which includes via calling her with the use of an ATDS. A true and correct copy of the Cease and Desist Letter is below:



**LAW CENTER**
A Professional Corporation

Brian J. McGoldrick, Esq.
Ahren A. Tiller, Esq.
Carolina K. Tiller, Esq.

1230 Columbia St., Ste 1100
San Diego, CA 92101
Ph.: 619-894-8831
Fax: 866-444-7026
www.blc-sd.com

Scott N. Owens, Esq.
Brett F. Bodie, Esq.
Anika M. Renaud-Kim, Esq.

September 05, 2017

**SENT VIA FACSIMILE TO:**

Citibank 877-825-1726

**Re: Irene Williams (x6138)**

TO WHOM IT MAY CONCERN:

Please be advised that Mrs. Irene Williams has retained Bankruptcy Law Center, APC to represent her with respect to any debt(s) with Citibank, end creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Mrs. Williams. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Irene Williams is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to Citibank and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Bankruptcy Law Center, APC subsequent to 09/05/2017. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c)is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney

1

fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client.

Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Citibank to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist
American Board of Certification

24. Plaintiff's Counsel sent the Cease and Desist Letter to CITI via facsimile at: (877) 825-1726.

25. The phone number: (877) 825-1726 is a facsimile number owned, operated or accessible by CITI.

26. CITI received the Cease and Desist Letter via facsimile on September 5, 2017, at 1:12 pm.  A true and correct copy of the fax confirmation is below:

| 9/5/17 11:33 AM | 18778251726 | 01:12 | 2 | Irene Williams | SUCCESS |
|---|---|---|---|---|---|

27. After CITI received the Cease and Desist Letter, whereby they were informed by her Counsel to cease calling her, CITI or its agents, or representatives, continued to make multiple collection calls using an Automated Dialing System from CITI's multiple telephone numbers that shows up on a recipient's caller ID as: 816-420-1002; 800-388-2200; and 866-594-7355 respectively.

28. CITI, or its agents or representatives, contacted Plaintiff by phone on at least the following occasions from the following numbers through the use of an ATDS:

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| 816-420-1002 | 9/5/2017 | 6:02pm |
| 816-420-1002 | 9/6/2017 | 9:48am |
| 816-420-1002 | 9/6/2017 | 12:49pm |
| 816-420-1002 | 9/6/2017 | 5:55pm |
| 816-420-1002 | 9/7/2017 | 9:39am |
| 816-420-1002 | 9/7/2017 | 12:49pm |
| 816-420-1002 | 9/7/2017 | 6:00pm |
| 816-420-1002 | 9/8/2017 | 9:38am |
| 816-420-1002 | 9/8/2017 | 12:49pm |
| 816-420-1002 | 9/8/2017 | 6:02pm |

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| 816-420-1002 | 9/9/2017 | 9:00am |
| 816-420-1002 | 9/9/2017 | 12:48pm |
| 816-420-1002 | 9/9/2017 | 6:01pm |
| 816-420-1002 | 9/10/2017 | 9:01am |
| 816-420-1002 | 9/10/2017 | 12:47pm |
| 816-420-1002 | 9/10/2017 | 6:00pm |
| 816-420-1002 | 9/11/2017 | 9:03am |
| 816-420-1002 | 9/11/2017 | 12:49pm |
| 816-420-1002 | 9/11/2017 | 6:03pm |
| 816-420-1002 | 9/12/2017 | 9:05am |
| 816-420-1002 | 9/12/2017 | 12:43pm |
| 816-420-1002 | 9/12/2017 | 6:00pm |
| 816-420-1002 | 9/13/2017 | 9:01am |
| 816-420-1002 | 9/13/2017 | 12:49pm |
| 816-420-1002 | 9/13/2017 | 6:48pm |
| 816-420-1002 | 9/14/2017 | 9:01am |
| 816-420-1002 | 9/14/2017 | 12:49pm |
| 816-420-1002 | 9/14/2017 | 6:48pm |
| 800-388-2200 | 9/15/2017 | 9:00am |
| 800-388-2200 | 9/15/2017 | 12:01pm |
| 800-388-2200 | 9/15/2017 | 6:02pm |
| 800-388-2200 | 9/16/2017 | 9:01am |
| 800-388-2200 | 9/16/2017 | 11:02am |
| 800-388-2200 | 9/16/2017 | 1:03pm |
| 800-388-2200 | 9/16/2017 | 3:04pm |
| 800-388-2200 | 9/17/2017 | 9:02am |

| Telephone ID Number | Call Date | Call Time |
| --- | --- | --- |
| 800-388-2200 | 9/17/2017 | 11:02am |
| 800-388-2200 | 9/17/2017 | 1:04pm |
| 800-388-2200 | 9/17/2017 | 3:04pm |
| 800-388-2200 | 9/17/2017 | 6:02pm |
| 800-388-2200 | 9/18/2017 | 9:01am |
| 800-388-2200 | 9/18/2017 | 11:02am |
| 800-388-2200 | 9/18/2017 | 1:03pm |
| 800-388-2200 | 9/18/2017 | 3:04pm |
| 800-388-2200 | 9/18/2017 | 6:02pm |
| 800-388-2200 | 9/19/2017 | 12:08pm |
| 866-594-7355 | 9/19/2017 | 6:20pm |
| 866-594-7355 | 9/20/2017 | 9:00am |
| 866-594-7355 | 9/20/2017 | 12:05pm |
| 866-594-7355 | 9/20/2017 | 6:23pm |
| 866-594-7355 | 9/21/2017 | 9:00am |
| 866-594-7355 | 9/21/2017 | 12:05pm |
| 866-594-7355 | 9/21/2017 | 1:15pm |
| 866-594-7355 | 9/21/2017 | 3:15pm |
| 866-594-7355 | 9/22/2017 | 9:00am |
| 866-594-7355 | 9/22/2017 | 11:17am |
| 866-594-7355 | 9/22/2017 | 6:23pm |
| 866-594-7355 | 9/23/2017 | 9:03am |
| 866-594-7355 | 9/23/2017 | 12:17pm |
| 866-594-7355 | 9/23/2017 | 4:23pm |
| 866-594-7355 | 9/23/2017 | 6:03pm |
| 866-594-7355 | 9/24/2017 | 9:03am |

| Telephone ID Number | Call Date | Call Time |
| --- | --- | --- |
| 866-594-7355 | 9/24/2017 | 1:29pm |
| 866-594-7355 | 9/24/2017 | 3:30pm |
| 866-594-7355 | 9/24/2017 | 6:03pm |
| 866-594-7355 | 9/25/2017 | 9:03am |
| 866-594-7355 | 9/25/2017 | 12:17pm |
| 866-594-7355 | 9/25/2017 | 6:03pm |
| 866-594-7355 | 9/27/2017 | 9:12am |
| 866-594-7355 | 9/27/2017 | 12:12pm |
| 866-594-7355 | 9/27/2017 | 6:23pm |
| 866-594-7355 | 9/28/2017 | 9:08am |
| 866-594-7355 | 9/28/2017 | 12:09pm |
| 866-594-7355 | 9/28/2017 | 6:31pm |
| 866-594-7355 | 9/29/2017 | 9:06am |
| 866-594-7355 | 9/29/2017 | 6:20pm |
| 866-594-7355 | 9/30/2017 | 9:16am |
| 866-594-7355 | 9/30/2017 | 11:17am |
| 866-594-7355 | 9/30/2017 | 1:18pm |
| 866-594-7355 | 9/30/2017 | 3:19pm |
| 866-594-7355 | 10/1/2017 | 9:06am |
| 866-594-7355 | 10/1/2017 | 11:32am |
| 866-594-7355 | 10/1/2017 | 1:34pm |
| 866-594-7355 | 10/1/2017 | 3:34pm |
| 866-594-7355 | 10/2/2017 | 9:06am |
| 866-594-7355 | 10/2/2017 | 12:34pm |
| 866-594-7355 | 10/2/2017 | 6:23pm |
| 866-594-7355 | 10/5/2017 | 9:03am |

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| 866-594-7355 | 10/5/2017 | 12:04pm |
| 866-594-7355 | 10/5/2017 | 6:16pm |
| 866-594-7355 | 10/6/2017 | 9:04am |
| 866-594-7355 | 10/6/2017 | 12:07pm |
| 866-594-7355 | 10/6/2017 | 6:16pm |
| 866-594-7355 | 10/7/2017 | 9:10am |
| 866-594-7355 | 10/7/2017 | 11:11am |
| 866-594-7355 | 10/7/2017 | 1:12pm |
| 866-594-7355 | 10/7/2017 | 3:14pm |
| 866-594-7355 | 10/7/2017 | 6:12pm |
| 866-594-7355 | 10/8/2017 | 11:16am |
| 866-594-7355 | 10/8/2017 | 1:18pm |
| 866-594-7355 | 10/8/2017 | 3:13pm |
| 866-594-7355 | 10/9/2017 | 9:08am |
| 866-594-7355 | 10/9/2017 | 12:10pm |
| 866-594-7355 | 10/9/2017 | 6:15pm |
| 866-594-7355 | 10/10/2017 | 9:10am |
| 866-594-7355 | 10/10/2017 | 12:10pm |

29. The specific calls listed above are only a sample of the total calls made by CITI to Plaintiff after receipt of the Cease and Desist Letter sent via facsimile by Plaintiff's Counsel on September 5, 2017.  CITI initiated the above referenced collection telephone calls to Plaintiff's cellular phone using an ATDS as defined by 47 U.S.C. §227(a)(1), with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

30. After receipt of the Cease and Desist Letter, representatives of CITI have called

Plaintiff in excess of one-hundred-six (106) times in total from various numbers appearing on her caller ID as: 816-420-1002; 800-388-2200; and 866-594-7355 respectively.

31. These collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).  As is evidenced by the call times and dates listed above in paragraph 28 of this Complaint, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually calling once in the morning around 9:00am, once per day around 12:00pm or 1:00pm, and another call around 6:00pm or 7:00pm in the evening, with varying call times and numbers.

32. On or about late September of 2017, after the Defendant CITI received Plaintiff's Cease and Desist Letter, Plaintiff answered a call from CITI and spoke to a representative wherein she explained verbally to the representative that she had retained Counsel and provided her attorney's information and explained that CITI should only contact her attorney pursuant to the RFDCPA and to cease calling her, thereby orally revoking CITI's consent to call Plaintiff with an ATDS.

33. Despite verbal notice from Plaintiff, and a formal letter from Plaintiff's Counsel, CITI continues to call Plaintiff to collect on a debt, often multiple times per day in rapid succession, despite being repeatedly notified orally and in writing that she has retained counsel regarding this debt and has further revoked consent to be called via an ATDS.  CITI's calls to Plaintiff after receiving receipt of the September 5, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).  The Plaintiff's September, 5, 2017 Cease and Desist Letter as well as her oral notice to cease calling her revoked Defendant's consent to call her with an ATDS, therefore the 106 calls

1    made by Defendant or its agents after September 5, 2017, as detailed in Paragraph
2    28 above, were made in violation of 47 U.S.C. § 227(b)(1).

3    34. When Plaintiff answered the telephone, Defendants were rude, abusive, and
4        aggressive when they called to collect from Plaintiff.   They would rebuke her
5        requests to cease calling and have continued to harass Plaintiff to date, despite
6        her repeated oral and written requests to cease their harassment.

7    35. Plaintiff has received so many collection calls by Defendant that her voicemail
8        has repeatedly filled up, preventing Plaintiff from receiving other important
9        messages and incurring actual charges as a result of her cell phone plan.

10   36. Upon information and belief, CITI regularly makes autodialed telephone calls
11       with a pre-recorded message in order to collect on its claims, wherein the call
12       begins with a pre-recorded message, and shortly thereafter an agent comes on the
13       line.

14   37. Upon information and belief, CITI's telephone equipment has the capacity to
15       store or produce telephone numbers to be called, using a random or sequential
16       number generator.

17   38. Upon information and belief, the telephone equipment used by CITI to place the
18       calls at issue have the capacity to dial telephone numbers automatically from a
19       stored list or database without human intervention, using a random or sequential
20       number generator.

21   39. CITI's collection calls to Plaintiff describe herein, were not made for emergency
22       purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

23   40. CITI placed the collection calls described herein to a telephone number assigned
24       to a cellular telephone service for which Plaintiff incurs a charge for incoming
25       calls pursuant to 47 U.S.C. § 227(b)(1).

26

27

28

41. CITI's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that CITI repeatedly interrupted Plaintiff with an unwanted call using an ATDS and prerecorded voice for collection purposes.

42. Through CITI's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

43. CITI's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

44. CITI continues to call and harass Plaintiff despite written instructions that she retained counsel and to cease all further contact with Plaintiff.  In total, Plaintiff has received over 106 collection calls from CITI through the use of an ATDS, after they were notified on September 5, 2017, in writing, that she had retained Counsel and instructed to cease all further contact.

45. As a result of CITI's relentless and harassing collection calls and emails, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.  These calls have consumed her day and caused severe disruption to her life, due to their severe frequency.

46. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (CAL. CIV. CODE § 1788.14(c))

47. Plaintiff realleges and incorporates by reference Paragraphs 1 through 46, inclusive, as if fully set forth.

48. When Plaintiff's Counsel sent the Cease and Desist Letter to CITI, Defendant CITI was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

49. When Plaintiff stated to a representative for CITI on the September 2017 call that she was represented by Counsel, and provided her Counsel's contact information, CITI was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

50. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

>> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

51. By calling Plaintiff on her telephone over 106 times after the September 5, 2017 receipt of the Cease and Desist Letter from Plaintiff's Counsel, CITI violated Cal. Civ. Code §1788.14(c).

52. As a result of the constant collection calls from CITI, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by CITI are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

53. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 106 collection calls in the mere span of 35 days, the Plaintiff has suffered emotional distress.

## II.
## SECOND CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
#### 47 U.S.C. § 227 ET. SEQ.

54. Plaintiff realleges and incorporates by reference Paragraphs 1 through 53, inclusive, as if fully set forth.

55. Plaintiff revoked CITI's consent to call her on her cellular telephone with an ATDS.

56. The foregoing acts and omissions of CITI constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

57. As a result of CITI's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.  Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET. SEQ.

59. Plaintiff realleges and incorporates by reference Paragraphs 1 through 58, inclusive, as if fully set forth.

60. The foregoing acts and omissions of CITI constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

61. As a result of CITI's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00

1    pursuant to Cal. Civ. Code §1788.30(b);

2    c.  As to the First Cause of Action, an award of reasonable attorney's fees and

3        costs pursuant to Cal. Civ. Code §1788.30(c);

4    d.  As to the Second Cause of Action, $500 in statutory damages for each and

5        every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1),

6        pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such

7        conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

8    e.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and

9        every one of Defendant's over 106 knowing and/or willful violations of 47

10       U.S.C. § 227(b)(3)(C), totaling in excess of $159,000.00, pursuant to 47 U.S.C.

11       §227(b)(1); and

12   f.  For such other and further relief as the Court may deem just and proper.

13

14   Dated: October 11, 2017          By:      /s/ Ahren A. Tiller_____

15                                            Ahren A. Tiller, Esq.
                                             Bankruptcy Law Center, APC
16                                           Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: October 11, 2017      By:    /s/ Ahren A. Tiller_____
                                     Ahren A. Tiller, Esq.
                                     Bankruptcy Law Center, APC
                                     Attorneys for Plaintiff

*Williams v. CitiBank, N.A., et. al., - Complaint for Damages*